IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID A. SPENCER,

       Plaintiff,

v.                                                                              No. 16cv841 MCA/KK

STATE OF NEW MEXICO, *et al.*,

       Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
STRIKING COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed July 22, 2016 ("Application") and on his Verified Complaint, Doc. 1, filed July 22, 2016 ("Complaint"). For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **STRIKE** Plaintiff's Complaint. Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58,

60 (10th Cir. 1962).  "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status."  *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).  "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...."  *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff states that: (i) his average monthly income is $197.00 in gifts; (ii) his average monthly expenses are $1,392.00; (iii) he is unemployed; and (iv) he has no assets.  The Court finds that Plaintiff is unable to pay the filing fee because he is unemployed and his monthly expenses exceed his monthly income.

**The Complaint**

Plaintiff is proceeding *pro se*.  The court must liberally construe a *pro se* litigant's pleadings and hold them to a less stringent standard than required of those prepared by a lawyer.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, a *pro se* litigant must follow the same rules of procedure that govern other litigants.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Rule 8 requires that a complaint set out a short, plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  Each allegation must be simple, concise, and direct.  Fed. R. Civ. P. 8(d)(1).  Under Rule 10(c) of the Federal Rules of Civil Procedure,

written instruments attached to a complaint are incorporated and made a part of the complaint. "Exhibits are not to be attached to a pleading unless the documents attached form the basis for the action or defense." D.N.M.LR-Civ. 10.4. Rule 12(e) of the Federal Rules of Civil Procedure permits the Court to order a more definite statement where a complaint is so vague or ambiguous that an opposing party cannot reasonably prepare a response. Rule 12(f) provides that the Court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter.

Plaintiff's 48-page Complaint, which names 11 defendants, contains 223 paragraphs and is accompanied by 263 pages of exhibits. Some of the allegations in the Complaint are conclusory and do not identify the specific Defendants Plaintiff is referring to, for example, "the other Defendants conspired against" Plaintiff. *See* Complaint at 40, 42, 44, 45-48. The extensive allegations and voluminous exhibits render Plaintiff's Complaint vague and ambiguous and make it impossible for an opposing party to formulate any reasonable response to the Complaint.

The Court will strike Plaintiff's Complaint and exhibits, and will grant Plaintiff 21 days to file an amended complaint that meets the requirements of Fed.R.Civ.P. 8 and D.N.M. LR-Civ. 10.4. Failure to comply with this Order may result in dismissal of the case.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim and includes the addresses of every defendant named in the amended complaint.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed July 22, 2016, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Verified Complaint, Doc. 1, filed July 22, 2016, and its exhibits are **STRICKEN.**  Plaintiff may file an amended complaint setting forth a plain, simple, concise, and direct statement of his claims in compliance with Fed. R. Civ. P. 8 and D.N.M.LR-Civ. 10.4 within 21 days of entry of this Order.   The combined length of the amended complaint and any exhibits may not exceed thirty-five (35) pages.

_____
**M. CHRISTINA ARMIJO**
**CHIEF UNITED STATES DISTRICT JUDGE**