# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DAVID A. SPENCER,

        Plaintiff,

v.                                                                                 No. 16cv841 MCA/KK

STATE OF NEW MEXICO, *et al.*,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Thomas Hynes' Motion to Dismiss or in the Alternative for a More Definite and Certain Statement, Doc. 17, filed April 21, 2017 (Hynes' Motion to Dismiss"). For the reasons stated below, the Court will **GRANT** Defendant Hynes' Motion to Dismiss.

Defendant Hynes asks the Court to either dismiss the Amended Complaint against him or, in the alternative, to require Plaintiff to produce a more definite and certain statement. Doc. 17 at 1. Defendant Hynes is mentioned by name in only four of the 183 paragraphs of the Amended Complaint. Those paragraphs state:

> 6. Defendant Thomas Hynes is an Inactive Attorney admitted by the N.M. Supreme Court to practice is a Citizen of the United States and is a resident of the State of New Mexico.
>
> 123. Defendant Attorney Thomas Hynes acting as an Attorney and Personal Representative of the Clark Spencer Estate conspired with Defendants Murphy, Tedrow, O'Brien, Sheriff's Office employees, as well as other Defendants to deprive the Plaintiff of his freedom by falsely accusing him of crimes that they knew or should have known was false with the intent to obtain his property for their own benefit.
>
> 124. Defendant Hynes either was a willing participant in this unlawful, malicious, and outrageous conduct or alternatively lacks the mental capacity to know what Defendant Murphy was having him due [sic] in his name with the knowledge and approval of the other Defendants.

125. Information and belief is that Judge Hynes was removed from the bench for lack of mental capacity and all the Defendant knew or should have known of these facts, Further Judge Hynes is an inactive member of the N.M. Bar.

Amended Complaint at 2, 18. Other paragraphs refer only to "the Defendants" without specifying which of the more than one dozen Defendants the paragraphs are referring to. Defendant Hynes asserts that "it is impossible to address the many allegations and Plaintiff's very general statements that refer to 'all Defendants,'" and that those allegations are confusing. *See* Mem. in Support at 2, Doc. 18.

The Amended Complaint fails to state a claim against Defendant Hynes. The four paragraphs quoted above which specifically refer to Defendant Hynes do not state a claim for conspiracy. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010) ("while we have said allegations of a conspiracy may form the basis of a § 1983 claim, we have also held 'a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants' because '[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.'"). The rest of the paragraphs do not state a claim against Defendant Hynes because they do not refer to Defendant Hynes by name, are vague because they only refer to "the Defendants," and in many cases are conclusory. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need

accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations"). Plaintiff's Amended Complaint fails to state with any particularity what Defendant Hynes did to Plaintiff, when Defendant Hynes committed the alleged unspecified actions, or how those actions harmed Plaintiff.

The Court will dismiss the claims against Defendant Hynes for failure to state a claim rather than order Plaintiff to amend his Amended Complaint to provide a more definite statement. When it granted Plaintiff leave to file an amended complaint, the Court notified Plaintiff that it was impossible for opposing parties to reasonably prepare a response to his original Complaint because it was vague and ambiguous, and because some of the allegations were conclusory and did not identify the specific Defendants Plaintiff was referring to. *See* Mem. Op. and Order at 3, Doc. 7. The Court also notified Plaintiff that he must comply with Federal Rule of Civil Procedure 8 which requires that a complaint set out a short, plain statement of the claim showing that the pleader is entitled to relief, and that each allegation must be simple, concise, and direct. *See* Doc. 7 at 2. Plaintiff had an opportunity to amend his original Complaint to state a claim against Defendant Hynes, but despite the Court's notification of the original Complaint's deficiencies, Plaintiff failed to state a claim against Defendant Hynes in his Amended Complaint. Furthermore, Defendant Hynes' motion provided notice to Plaintiff that Defendant Hynes sought either dismissal of the claims against Defendant Hynes or that Plaintiff amend his Amended Complaint to provide a more definite statement. Plaintiff did not file a response opposing Defendant Hynes motion and did not seek leave to amend his Amended Complaint. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion"); *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 735-736

(1st Cir. 2016) (absent "exceptional circumstances, a district court is under no obligation to offer a party leave to amend when such leave has not been requested by motion").

**IT IS ORDERED** that Defendant Thomas Hynes' Motion to Dismiss or in the Alternative for a More Definite and Certain Statement, Doc. 17, filed April 21, 2017, is **GRANTED;** the claims in the Amended Complaint against Defendant Thomas Hynes are **DISMISSED without prejudice.**

_____
**M. CHRISTINA ARMIJO**
**CHIEF UNITED STATES DISTRICT JUDGE**