# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DAVID A. SPENCER,

        Plaintiff,

v.                                                                                        No. 16cv841 MCA/KK

STATE OF NEW MEXICO, *et al.*,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on the Eleventh Judicial District Court and Honorable Sandra Price's Amended Motion to Dismiss, Doc. 32, filed May 12, 2017. For the reasons stated below, the Court will **GRANT** the Motion.

**Amended Complaint**

Plaintiff's Amended Complaint names the State of New Mexico, the Eleventh Judicial District Court, and State District Court Judge Sandra Price, individually and in her official capacity, and others as defendants. *See* Doc. 8. The Amended Complaint asserts claims under federal law for violation of an automatic bankruptcy stay, violations of constitutional rights and conspiracy, and under state law for malicious prosecution, tortious interference with business practices, and intentional infliction of emotional distress.

The Eleventh Judicial District Court and the Honorable Sandra Price seek dismissal of the Amended Complaint as against them on jurisdictional and judicial immunity grounds. Plaintiff has not filed a response opposing the motion.

Plaintiff lists the State of New Mexico as a defendant in the caption of his Amended Complaint, but does not list the State of New Mexico in the section of the Amended Complaint titled "The Parties and Jurisdiction." Amended Complaint at 2-3. There are very few allegations

which mention the "State of New Mexico."  *See* Amended Complaint at 17 (Plaintiff "prays for Judgment against . . . The State of New Mexico"), ¶ 133 at 19 (stating Defendant Price "was a State of New Mexico . . . employee").  Although the Eleventh Judicial District Court and Honorable Sandra Price's Amended Motion to Dismiss does not seek dismissal of the Amended Complaint as against the State of New Mexico, the Court will address whether it has jurisdiction over the claims against the State of New Mexico because the State of New Mexico is listed as a defendant in the caption of the Amended Complaint.  *See Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) ("[i]f the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*") (quoting *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir.1974)).

**Violation of Bankruptcy Stay Claim**

> Plaintiff asserts that:
>
> State of New Mexico San Juan County District Judge Sandra Price blatantly violated the Federal code 11 U.S.C. § 362 Stay of proceedings by incarcerating [Plaintiff] on civil Contempt after the Bankruptcy was filed on March 12, 2015, for not paying a debt listed in his bankruptcy thus violating the Plaintiff's Federal and Constitutional Rights.

Amended Complaint ¶ 112 at 16.

The District of New Mexico has referred "all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 . . . to the bankruptcy judges for the district to the extent permitted by law."  *In the Matter of Reference to Bankruptcy Judges and Local Bankruptcy Rules*, Admin. Order, Misc. No. 84-0324 (D.N.M. March 19, 1992) (Burciaga, C.J.).  The Court will dismiss Plaintiff's violation of bankruptcy stay claim and grant Plaintiff leave to seek relief in the Bankruptcy Court.  *See Lester v. United States*, 208 F.3d 226,

*2 (10th Cir. 2000) (dismissal of plaintiff's . . . violation of bankruptcy stay claim [arising under Title 11] with leave to seek relief in the bankruptcy court was not an abuse of the district court's discretion").

**Jurisdiction**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court does not have jurisdiction over this matter with respect to Defendant State of New Mexico. With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). States enjoy sovereign immunity from suit under the Eleventh Amendment, but Eleventh Amendment immunity is not absolute:

> There are three exceptions. First, a state may consent to suit in federal court. [*Port Authority Trans–Hudson Corp. v. Feeney,* 495 U.S. 299, 304, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990)]. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. *See Va. Office for Prot. & Advocacy,* 131 S.Ct. at 1638 & n. 2. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief. *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.,* 535 U.S. 635, 645, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002).

*Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012). None of these exceptions apply in this case. First, "the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)); Second, Plaintiff does not allege

3

in his complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case. Finally, the *Ex parte Young* exception does not apply because Plaintiff has not alleged an ongoing violation of federal law. *See Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012) (for the *Ex parte Young* exception to state sovereign immunity to apply, a plaintiff must show that he is: "(1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief").

The Court also does not have jurisdiction over this matter with respect to Defendant Eleventh Judicial District Court, because it is an arm of the State; nor does it have jurisdiction over the matter with respect to Defendant State District Judge Sandra Price, because she is a State official acting in her official capacity. *See Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits.").

The Court will dismiss the Amended Complaint against the State of New Mexico, the Eleventh Judicial District Court and the District Judge Sandra Price in her official capacity without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**Judicial Immunity**

The Court will dismiss the Amended Complaint against District Judge Sandra Price, in her

4

individual capacity, without prejudice. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)). Plaintiff's allegations against District Judge Sandra Price show that her actions were taken in the judge's judicial capacity. Plaintiff makes no allegations that the actions of District Judge Sandra Price were taken in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").

**State Law Claims**

The Court, having dismissed all of Plaintiff's federal law claims against the State of New Mexico, the Eleventh Judicial District Court and State District Judge Sandra Price, declines to exercise supplemental jurisdiction over Plaintiff's state law claims against these defendants. *See Nielander v. Bd. of Cnty. Comm'rs,* 582 F.3d 1155, 1172 (10th Cir.2009) ("Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if . . . the district court has dismissed all claims over which it has original jurisdiction").

**IT IS ORDERED** that the Eleventh Judicial District Court and Honorable Sandra Price's Amended Motion to Dismiss, Doc. 32, filed May 12, 2017, is **GRANTED;** the claims against the State of New Mexico, the Eleventh Judicial District Court and the Honorable Sandra Price are **DISMISSED without prejudice.**

_____
**M. CHRISTINA ARMIJO**
**CHIEF UNITED STATES DISTRICT JUDGE**