IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID A. SPENCER,

        Plaintiff,

v.                                                                 No. 16cv841 MCA/KK

STATE OF NEW MEXICO, *et al.*,

        Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court on Defendants Robert "Rick" Tedrow and Dustin O'Brien's Amended Motion to Dismiss, Doc. 31, filed May 10, 2017, and on Plaintiff David A. Spencer's Motion to Place the Instant Cause in Abeyance for Ninety Days, Doc. 49, filed September 1, 2017. For the reasons stated below, the Court will **GRANT** Tedrow and O'Brien's Amended Motion to Dismiss and **DENY** Plaintiff's Motion to Place the Instant Cause in Abeyance for Ninety Days.

**Amended Complaint**

Plaintiff's Amended Complaint names Robert "Rick" Tedrow, District Attorney for the Eleventh Judicial District, and Dustin O'Brien, Deputy District Attorney for the Eleventh Judicial District, individually and in their official capacity, and others as defendants. *See* Doc. 8. The Amended Complaint asserts claims under federal law for violation of an automatic bankruptcy stay, violations of constitutional rights and conspiracy, and under state law for malicious prosecution, tortious interference with business practices, and intentional infliction of emotional distress.

The factual allegations which mention Defendants Tedrow and O'Brien by name state:

Defendant Murphy has stated to Plaintiff prior to the dispute that he had things on

the Elected District Attorney Rick Tedrow that cause him to control the District Attorney's Office . . .

Amended Complaint ¶ 15.

> Plaintiff's best information and belief is Defendant Murphy has placed his former employee and current Chief Deputy District Attorney Dustin O'Brien of the New Mexico Eleventh Judicial District Court in and paid for Rehab on several occasions and controls him in his official decisions as a District Attorney in the State of New Mexico thus causing additional Judicial misconduct.

Amended Complaint ¶ 16.

> Plaintiff's best information and belief Defendant Murphy conspired with . . . and Defendant's [sic] Eleventh Judicial District Attorney's Office, Rick Tedrow, and Dustin O'Brien . . . .

Amended Complaint ¶ 31

> Defendant [sic] best information and belief is that Mr. Murphy, San Juan Sheriff, and Sheriff's Office Defendants caused directly or indirectly a false investigation conspiring with Defendants 11th Judicial District Attorney's Office, Tedrow, and O'Brien to for unknown personal reasons or obligations and represented to Aaron Aragon to under Color of Law cause what they knew or should have known to be a false indictment causing the Plaintiff's Arrest, false imprisonment, loss of both his United States a[nd] New Mexico's Constitutional rights.

Amended Complaint ¶ 32.

> After the initial prosecution and issuance of the Warrant by the conspiracy of the Defendants, Defendants 11th Judicial District Attorney's Office, DA Tedrow, and O'Brien declared a Conflict of interest upon Motion of Plaintiff's Criminal Attorney Arlon Stoker the former DA of San Juan County, NM.

Amended Complaint ¶ 35.

> Defendant Attorney Thomas Hynes acting as an Attorney and Personal Representative of the Clark Spencer Estate conspired with Defendants Murphy, Tedrow, O'Brien, Sheriff's Office employees, as well as other Defendant to deprive the Plaintiff of his freedom by falsely accusing him of crimes that they knew or should have known was false with the intent to obtain his property for their own benefit.

Amended Complaint ¶ 123. There are other allegations that appear to refer to Defendants Tedrow

and O'Brien without naming them, for example:

> Judge Sandra Price, and *all other named Defendants* conspired with Huey Steven Murphy against David A. Spencer, whom the civil suit proceedings had been stayed in the Federal Bankruptcy Court in a criminal proceeding under color of Law.

Amended Complaint ¶ 15 (*emphasis added*), and:

> David A. Spencer was incarcerated held without bond, without a hearing, without due process of the laws of the United States of America, by and thru the actions of Defendant Judge Sandra Price and Defendant Huey Steven Murphy, and *all other Defendants.*

Amended Complaint ¶ 165 (*emphasis added*).

Defendants Tedrow and O'Brien seek dismissal of the Amended Complaint as against them on jurisdictional, prosecutorial immunity and qualified immunity grounds, and for failure to state a claim upon which relief can be granted. Plaintiff has not filed a response opposing the motion.

**Jurisdiction**

The Court does not have jurisdiction over this matter with respect to Defendants Tedrow and O'Brien in their official capacities. Defendant Tedrow is the District Attorney for the Eleventh Judicial District and Defendant O'Brien is the Deputy District Attorney for the Eleventh Judicial District. "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *See Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006).

The Court will dismiss the Amended Complaint against Defendants Tedrow and O'Brien in their official capacity without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3)

("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**Prosecutorial Immunity**

The Court will dismiss the Amended Complaint against Defendants Tedrow and O'Brien in their individual capacity without prejudice. "[A] prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case." *Mink v. Suthers,* 482 F.3d 1244, 1261 (10th Cir. 2007). Plaintiff's allegations against District Attorney Tedrow and Deputy District Attorney O'Brien show that their actions were taken in their roles as advocates initiating and presenting the government's case. Furthermore, Plaintiff's conspiracy allegations regarding Defendants Tedrow and O'Brien are vague and conclusory, and, therefore, fail to state a claim. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1228 (10th Cir. 2010) ("a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants because conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim").

**State Law Claims**

The Court, having dismissed all of Plaintiff's federal law claims against Defendants Tedrow and O'Brien, declines to exercise supplemental jurisdiction over Plaintiff's state law claims against these defendants. *See* 28 U.S.C. § 1367(c) ("district courts may decline to exercise

4

supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

**Plaintiff's Motion to Place the Instant Cause in Abeyance for Ninety Days**

Plaintiff filed his Plaintiff's Motion to Place the Instant Cause in Abeyance for Ninety Days on September 1, 2017. Plaintiff seeks the abeyance because he "had back surgery on August, 7th, 2017 . . . is under Doctor ordered medications . . . is unable to properly respond to motions and or orders." Doc. 49. Twelve days later, Plaintiff filed a 10-page response, with 28 exhibits, to another pending motion. *See* Doc. 50, filed September 13, 2017. The Court will deny Plaintiff's Motion to Place the Instant Cause in Abeyance for Ninety Days because Plaintiff, by filing Doc. 50, has demonstrated that he is able to respond to motions and orders.

The Court reminds Plaintiff that he must comply with the District of New Mexico's Local Rules of Civil Procedure. Plaintiff did not comply with two of the District's Local Rules when he filed his response on September 13, 2017. *See* Doc. 50. That response contained 76 pages of exhibits and was filed over four months after the motion was filed. *See* D.N.M.LR-Civ. 7.4(a) ("a response must be served and filed within fourteen (14) calendar days after service of the motion"), D.N.M.LR-Civ. 10.5 ("all exhibits to a motion, response or reply . . . must not exceed a total of fifty (50) pages, unless all parties agree otherwise"). Failure to comply with the District's Local Rules may result in the Court striking the non-compliant documents or other sanctions.

**IT IS ORDERED** that Robert "Rick" Tedrow and Dustin O'Brien's Amended Motion to Dismiss, Doc. 31, filed May 10, 2017, is **GRANTED;** the claims against Defendants Tedrow and O'Brien are **DISMISSED without prejudice.**

**IT IS ALSO ORDERED** that Plaintiff's Motion to Place the Instant Cause in Abeyance

5

for Ninety Days, Doc. 49, filed September 1, 2017, is **DENIED.**

_____
**M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE**