# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DAVID A. SPENCER,

        Plaintiff,

v.                                                             No. 16cv841 MCA/KK

STATE OF NEW MEXICO, *et al.*,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Defendant H. Steven Murphy's Motion to Dismiss Civil Complaint, Doc. 20, filed April 24, 2017. For the reasons stated below, the Court will **GRANT** the Motion.

**Background**

Plaintiff was a party in a civil case in state court. Defendant Murphy was counsel for a party opposing Plaintiff in the state court civil case. Several of the approximately 69 allegations which expressly refer to Defendant Murphy indicate that Defendant Murphy was performing normal attorney duties such as making a jury demand, serving complaints, interrogatories and requests for production, faxing documents to opposing counsel, submitting proposed orders, and filing motions and responses. *See* Amended Complaint ¶¶ 26, 32, 48, 51, 59, 99, 101, 107. Many of the other allegations are conclusory and either state that Defendant Murphy "conspired" with other Defendants or refer to Defendant Murphy's "conspiracy" with other Defendants. *See* Amended Complaint ¶¶ 27, 31-32, 65, 84, 90, 109, 113, 119, 123, 131, 144, 148, 152, 157, 163, 166, 173. The general contention of the Amended Complaint is that Defendant Murphy and some of the other Defendants in this case conspired to obtain state court rulings unfavorable to Plaintiff and to bring false criminal charges against Plaintiff resulting in Plaintiff's arrest and incarceration.

*See* Doc. 8, filed September 14, 2016.

**Federal Law Claims**

Plaintiff's federal law claims include violation of the automatic bankruptcy stay pursuant to 11 U.S.C. § 362,[1] false imprisonment, conspiracy against rights,[2] deprivation of prisoner rights and medical attention, and violation of the 5th (right to grand jury), 6th (right to speedy trial), 7th (right to trial by jury), 8th (prohibiting cruel and unusual punishment), and 14th (right to due process) Amendments. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

Section 1983 only authorizes suits against persons acting under color of state law. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law"). The "state action doctrine requires that the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Stone v. Elohim, Inc.*, 336 Fed.Appx. 841, 842 (10th Cir. 2009) (quoting Lugar v. Edmondson Oil Co., Inc.

---

[1] The Court has dismissed Plaintiff's violation of bankruptcy stay claim and granted Plaintiff leave to seek relief in the Bankruptcy Court, because the District of New Mexico has referred all cases and proceedings under Title 11 to the Bankruptcy Judges for the District. *See* Mem. Op. and Order at 2, Doc. 47, filed August 31, 2017.

[2] The Amended Complaint cites 18 U.S.C. § 241 in conjunction with the Conspiracy Against Rights Claim. *See* Amended Complaint at 1. Section 241 sets for the fines and terms of imprisonment for persons who conspire to injure others in the free exercise of any right or privilege secured by the Constitution or laws of the United States. Because a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Diamond v. Charles*, 476 U.S. 54, 64 (1986), the Court construes Plaintiff's Conspiracy Against Rights claim as a claim pursuant to 42 U.S.C. § 1985, Conspiracy to Interfere with Civil Rights, which provides a civil cause of action when persons conspire to deprive others of rights designated in the statute.

, 457 U.S. 922, 937 (1982)). "Private persons may be said to act under color of state law if they are jointly engaged with state officials in the challenged action . . . But private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009). A plaintiff can state a cognizable § 1983 claim against private citizens if he adequately alleges that the private citizen defendants conspired with the state actors to violate his federal rights. *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005). "[W]hen a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, 'mere conclusory allegations with no supporting factual averments are insufficient,' [instead] the plaintiff must specifically plead "facts tending to show agreement and concerted action." *Id.*; *see also Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010) ("under § 1983 and § 1985, we have generally held a federal conspiracy action brought under either of these statutes requires at least a combination of two or more persons acting in concert and an allegation of a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective").

The Court will dismiss the federal law claims against Defendant Murphy for failure to state a claim. Plaintiff alleges that Defendant Murphy is "an officer of the State of New Mexico Courts by virtue of his position as a licensed practicing Attorney admitted by the N. M. Supreme Court." Amended Complaint ¶ 5 at 2. However, Defendant Murphy is not a state actor because "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *DiCesare v. McAnally*, 657 Fed.Appx. 800, 802 (10th Cir. 2016) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). Furthermore, Plaintiff

3

makes only conclusory allegations that Defendant Murphy conspired with others. Plaintiff does not allege specific facts tending to show agreement and concerted action between Defendant Murphy and the other Defendants.

**State Law Claims**

Plaintiff also asserts state law claims for malicious prosecution, malicious abuse of process, false imprisonment, tortious interference with business practices and intentional infliction of emotional distress. *See* Amended Complaint at 1, 17,19, 26, 27.

The Court, having dismissed all of Plaintiff's federal law claims against Defendant Murphy, declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant Murphy. *See* 28 U.S.C. § 1367(c)(2) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

**Plaintiff's Request to Amend**

Plaintiff filed a Response to Defendant Murphy's Motion to Dismiss. *See* Doc. 50, filed September 13, 2017. Plaintiff's Response is untimely because it was filed over four months after Defendant Murphy's Motion to Dismiss was filed. *See* D.N.M.LR-Civ. 7.4(a) (a response must be filed within 14 days after service of the motion; if all parties do not agree to an extension of time to file a response, the party seeking the extension of time must file a separate motion within the 14-day period). At the end of his Response, Plaintiff requests that the Court either deny Defendant Murphy's Motion to Dismiss or grant Plaintiff 30 days to amend his Amended Complaint. *See* Doc. 50 at 9.

4

The Court recognizes that it "should freely give leave [to amend] when justice so requires, but will deny Plaintiff's request to amend his Amended Complaint. *See* Fed. R. Civ. P. 15(a)(2). When it granted Plaintiff leave to file an amended complaint, the Court notified Plaintiff that it was impossible for opposing parties to reasonably prepare a response to his original Complaint because it was vague and ambiguous, and because some of the allegations were conclusory and did not identify the specific Defendants Plaintiff was referring to. *See* Mem. Op. and Order at 3, Doc. 7. The Court also notified Plaintiff that he must comply with Federal Rule of Civil Procedure 8 which requires that a complaint set out a short, plain statement of the claim showing that the pleader is entitled to relief, and that each allegation must be simple, concise, and direct. *See* Doc. 7 at 2. Plaintiff had an opportunity to amend his original Complaint to state a claim against Defendant Murphy, but despite the Court's notification of the original Complaint's deficiencies, Plaintiff failed to state a claim against Defendant Murphy in his Amended Complaint. Furthermore, Plaintiff did not comply with the District of New Mexico's Local Rule of Civil Procedure 15.1 which states: "A proposed amendment to a pleading must accompany the motion to amend."

**IT IS ORDERED** that Defendant H. Steven Murphy's Motion to Dismiss Civil Complaint, Doc. 20, filed April 24, 2017, is **GRANTED;** the claims against Defendant Murphy are **DISMISSED without prejudice.**

_____
**M. CHRISTINA ARMIJO**
**CHIEF UNITED STATES DISTRICT JUDGE**